UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:11-770 |
| | § | CIVIL NO. 2:17-54 |
| RICARDO PENA, JR., | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Ricardo Pena, Jr., filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 26). The United States of America (the "Government") filed a motion for summary judgment seeking to dismiss Movant's § 2255 motion as untimely (D.E. 34), and Movant responded (D.E. 37, 38). For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

On September 20, 2011, Movant pled guilty to possession with intent to distribute 124.98 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 30. Movant had two prior felony controlled substance offenses—a Texas conviction for possession of cocaine with intent to deliver, in the 28th District Court, Nueces County, Texas, Cause No. 00CR0126A, and a federal conviction for possession with intent to deliver crack cocaine, in the Southern District of Texas, 2:99-CR-331—which rendered him a career offender under U.S.S.G. § 4B1.1(b)(A) and increased his

offense level to 37. After credit for acceptance of responsibility, Movant's total offense level was 34, criminal history category VI, resulting in a Guideline sentencing range of 262–327 months' imprisonment. At sentencing, the Court adopted the PSR as written, then granted a downward variance and sentenced Movant to 200 months' imprisonment, to be followed by 5 years' supervised release.

Judgment was entered January 19, 2012. Movant did not appeal. He filed the present § 2255 motion on or about February 3, 2017.

## II. MOVANT'S ALLEGATIONS

Movant claims that his prior conviction for possession of cocaine with intent to deliver in violation of Texas Health & Safety Code § 481.112(a) cannot be used as a predicate offense to support a career offender enhancement under U.S.S.G. § 4B1.1, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017); and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not

2

have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Movant's conviction became final on February 2, 2012, fourteen days after judgment was entered on the docket. *See* FED. R. APP. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before February 2, 2013. Movant's motion was filed no earlier than February 3, 2017, the day his motion is

---

1. The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

dated. *See* Rule 3(d), § 2255 RULES. Unless an exception applies to the standard limitations period, Movant filed his motion four years too late.

Movant relies on *Mathis*, *Hinkle*, and *Tanksley* to extend limitations for his claim that his prior Texas conviction for possession of cocaine with intent to deliver is not a proper predicate offense to qualify him as a career offender under the Sentencing Guidelines. AEDPA's statute of limitations is extended when "the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Unfortunately for Movant, the Fifth Circuit has held that *Mathis* did not recognize a new rule of constitutional law that has been made retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). *See also United States v. Nelson*, 2017 WL 3034630, at *7 (S.D. Tex. June 6, 2017), *report and recomm. adopted*, 2017 WL 3025838 (S.D. Tex. July 17, 2017) ("The Supreme Court noted in *Mathis* that is (sic) was not announcing a new rule and that its decision was dictated by decades of prior precedent."). Because *Mathis* is not retroactive on collateral review, *Hinkle* and *Tanksley* do not apply on collateral review either. *United States v. Bermea*, 2017 WL 821787, at *2 (S.D. Tex. Mar. 2, 2017) ("Although *Hinkle* changed the interpretation of the effect of a particular kind of conviction, it did not write new law and is not a retroactively applicable Supreme Court decision."); *Lopez v. United States*, 2017 WL 1284946, at *3 (W.D. Tex. Apr. 5, 2017) (*Hinkle* and *Tanksley* "did not write new law, nor do they constitute retroactively applicable Supreme Court decisions.").

Accordingly, Movant's claim that his prior Texas conviction for possession of cocaine with intent to deliver cannot serve as a predicate offense under the Sentencing Guidelines is barred by AEDPA's statute of limitations.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

5

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 34) is **GRANTED,** and Movant's § 2255 motion (D.E. 26) is **DENIED**. Movant is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this \_\_\_\_ day of 9|25|17 _____, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE